# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 1:12-CV-262

| JAMES O. CARSON, | ) |  |
| --- | --- | --- |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
|  | ) |  |

**BEFORE THE COURT** is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. 23). The Commissioner has responded, (Doc. 24), to which Plaintiff has replied, (Doc. 25).

The parties do not dispute the fact that Plaintiff is the prevailing party. When the court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has the burden of showing that its position was substantially justified. *United States v. 515 Granby, LLC,* 736 F.3d 309, 314 (4th Cir.2013). Substantial justification does not require the position to be correct but may be substantially justified if a reasonable person could think it correct. *See Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988). "The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact

1

and law." *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991).

"In determining whether the government's position in a case is substantially justified, [the Court] look[s] beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing or in taking a [particular] stance during the litigation." *Meyer v. Colvin,* 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993)). In making this determination, "it is appropriate to consider the reasonable overall objectives of the government and the extent to which the alleged governmental misconduct departed from them." *Id.* at 14 (quoting *Roanoke River Basin,* 991 F.2d at 139).

First, the Court finds that "it is difficult to conclude that the Commissioner's litigation position was not substantially justified when . . . the Commissioner was correct with respect to one of the case's two issues." *Id.* at 256. This Court originally ruled that the Commissioner was correct with regard to the residual functional capacity but later vacated its decision because of issues with SSR-00-4p. Further, with regard to SSR-00-4p, the Commissioner relied upon *Mosteller v. Astrue*, No. 5:08-CV-003-RLV-DCK, 2010 WL 5317335, at *5 (W.D.N.C. July 26, 2010) *rep. & rec. adopted,* No. 5:08CV3-RLV, 2010 WL 5340600 (W.D.N.C. Dec. 20, 2010), where Judge Keesler stated in a recommendation (that this Court adopted) that:

> [C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Id.* at *5. Although the Court ultimately concluded that SSR-00-4p required more from the Administrative Law Judge, the Commissioner was not unreasonable in relying upon *Mosteller* <u>at</u>

2

<u>the time</u>.  Therefore, the Court finds that the Commissioner's position was substantially justified and will not award attorney's fees.

        **IT IS, THEREFORE, ORDERED THAT** Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 23) is **DENIED.**

Signed: August 17, 2015

Richard L. Voorhees
United States District Judge